### Dean *against* Thornton and Dutton.

Where in an action of trespass against two for cutting timber, the defendants alleged that one of them purchased the timber of the plaintiff and employed the other to aid in cutting and carrying it away; *Held*, that neither defendant was a competent witness for the other to prove the purchase of the timber.

Action commenced in the supreme court in July, 1851, to recover of the defendants for entering the plaintiff's close and cutting down and carrying away timber. The defendants answered jointly and denied the allegations of the complaint; and for a further answer they alleged that the defendant, Thornton, purchased of the plaintiff all the timber standing on certain premises described; and that Thornton afterwards employed Dutton, the other defendant, to aid him in cutting and removing the timber so purchased, which were the same alleged trespasses in the complaint mentioned. The plaintiff replied, admitting that he sold Thornton six trees standing on the premises, and that he gave him license to enter and cut and carry them away, but denying that he sold him all the timber or gave him right or authority to cut or carry away more of the timber than the six trees.

The cause was referred to and tried by a referee. It was proved that the defendants cut and carried from the premises mentioned in the pleadings, all the timber growing thereon exceeding in quantity considerably the six trees admitted by the pleadings to have been sold to Thornton. The defendants gave some evidence tending to prove that the plaintiff sold all the timber on the premises to Thornton; and then the latter called his co-defendant, Dutton, who was sworn as a witness, and offered to prove by him the sale of all the timber on the premises to him, Thornton. The counsel for the plaintiff objected to his competency to prove this fact. The referee held that he was not a competent witness to prove this fact and excluded the testimony, and the counsel for Thornton excepted. The defendant, Thornton, was offered as a witness for Dutton to prove the same fact, and the same objection and ruling were had and there was an exception.

The referee found in favor of the plaintiff against both defendants, and judgment was rendered pursuant to his decision, which judgment was affirmed by the court at a general term in the 6th district. The defendants appealed to this court. The cause was submitted on printed points by

*Ferris & Cushing*, for the appellants.

*John A. Nichols*, for the respondent.

*JOHNSON, J. The case of *Beale* v. *Finch* (1 *Kern.* [*268 128), presented only the question of the admissibility of one defendant to be a witness for another, and neither required nor permitted us to determine what matters a defendant, called by his co-defendant, might testify to. Our decision in that case, therefore, while it establishes the right of one defendant in an action for an injury to the person or to personal property, to call a co-defendant as a witness, left the question presented in this case undisposed of. In this case,

the matter to which each defendant was offered to be examined, was the existence of a right in the defendants to do the acts complained of by the plaintiff as a trespass. In this matter they were jointly interested, because the proof which would exonerate one, would necessarily discharge the other, provided it were receivable on behalf of both. Such a matter is not within the permission contained in § 397 of the Code.

The decision below was right and the judgment should be affirmed.

MARVIN, J., also delivered an opinion in favor of affirmance.

Judgment accordingly.